United States District Court
Southern District of Texas
**ENTERED**
May 25, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BRIAN LAMONT LAIDLER, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:16-CV-38 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") and currently is incarcerated at the Lynaugh Unit in Fort Stockton, Texas. Proceeding *pro se*, petitioner filed an original habeas corpus petition pursuant to 28 U.S.C. § 2254 on January 30, 2016 (D.E. 1).[1] Petitioner claims that his right to due process was violated in a disciplinary hearing held at the Lynaugh Unit which resulted in the imposition of punishment. Respondent filed a motion for summary judgment on March 22, 2016 (D.E. 8) to which Petitioner did not respond. As discussed more fully below, it is respectfully recommended that Respondent's motion for summary judgment be granted and Petitioner's application for habeas corpus relief be denied. It is further recommended that any request for a Certificate of Appealability be denied.

---

[1] Petitioner stated under penalty of perjury that he placed his petition in the prison mail system on January 30, 2016 and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) and Rule 3, Rules Governing Section 2254 Cases.

1 / 11

## JURISDICTION

Jurisdiction and venue are proper in this court because Petitioner was convicted in Aransas County, Texas, which is located in the Corpus Christi Division of the Southern District of Texas.  28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

## BACKGROUND

Petitioner currently is serving a six-year sentence for evading arrest or detention (Mot. for Sum. Jmt., Ex. A; D.E. 8-2 at p. 3).  He does not complain about his holding conviction, but challenges the results of a disciplinary hearing.  In disciplinary case number 20150239396, Petitioner was accused and found guilty of tampering with the cell door by holding it and refusing to let it close (DHR at 1; D.E. 7-1 at p. 4).[2]  During the investigation of the offense Petitioner stated that his watch band was caught in the door and he was trying to remove it (DHR at 3; D.E. 7-1 at p. 6).  At the hearing Petitioner stated that he held the door so that he could grab his watch (DHR at 6; D.E. 7-1 at p. 9).

Petitioner was found guilty based on the charging officer's written statement and Petitioner's statement at the hearing.  He was punished with the loss of forty-five days of recreation privileges and ten days of commissary privileges and also with the forfeiture of ten days of good conduct time (DHR at 1; D.E. 7-1 at p. 4).

Petitioner did not file a grievance challenging the disciplinary proceedings (D.E. 1 at p. 5; D.E. 7-1 at p. 2).  Petitioner filed this federal petition on January 30, 2016 and argues that he was denied due process because TDCJ-CID fails to provide a statutorily

---

[2] "DHR" refers to the Disciplinary Hearing Record located at D.E. 7-1.

mandated option of suspension, rather than forfeiture, of good conduct time. He claims that the lack of a such a policy denies him the possibility of having his good time restored. In Respondent's motion for summary judgment, he contends that Petitioner's claim is unexhausted and otherwise lacks merit.

## APPLICABLE LAW

### A. Exhaustion and Procedural Bar

Respondent argues that Petitioner did not properly exhaust all of his claims at the administrative level and because it is now too late for him to do so, the unexhausted claims are procedurally barred. Before a federal court can grant an application for writ of habeas corpus, an applicant must have exhausted the remedies available in the courts of the state. 28 U.S.C. § 2254(b)(1). "To exhaust available state remedies, a habeas petitioner must fairly apprise the highest court of his state of the federal rights which were allegedly violated." *Shute v. State of Texas*, 117 F.3d 233, 237 (5th Cir. 1997)(internal quotations omitted). But, because Texas state courts do not review claims of lost good time or other results of prison disciplinary proceedings, a petitioner is required to pursue his claims through the administrative appeals process rather than state court. *Ex Parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim.App. 1988); *Ex parte Brager*, 704 S.W.2d 46 (Tex. Crim. App. 1985). The exhaustion requirement is mandatory and the administrative grievance procedure must be completed before a prisoner can file a law suit in federal court. *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998).

In addition, a federal court is barred from reviewing a question of federal law decided by a state court if the decision of that court rests on a state law ground that is

independent and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). In order to overcome the procedural bar, a petitioner must show either cause and prejudice for the error, or that failure to hear the claims would result in a miscarriage of justice. *Sawyer v. Whitley*, 505 U.S. 333, 338-339 (1992). In order to show a "miscarriage of justice," the petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

The Fifth Circuit has not addressed the applicability of the procedural bar to habeas claims involving prison disciplinary cases. However, the Seventh Circuit has held that the final reviewing authority in the prison grievance process is the administrative equivalent to the state's highest court and that habeas claims based on disciplinary cases could be procedurally defaulted in the absence of cause and prejudice. *Moffat v. Broyles*, 288 F.3d 978, 981-982 (7th Cir. 2002). At least one Texas district court has adopted the reasoning in a published opinion. *Moffatt v. Director*, 390 F.Supp.2d 560, 562-563 (E.D. Tex. 2005). In the absence of authority to the contrary, the reasoning of those cases will be applied here.

It is undisputed in this case that Petitioner did not exhaust his remedies because he did not file a grievance challenging the disciplinary proceedings. Petitioner cannot file a grievance now because the time period for filing a grievance has passed.[3] Accordingly,

---

[3] *See TDCJ-CID Offender Orientation Handbook* at p. 74, available at
http://www.tdcj.state.tx.us/documents/Offender_Orientation_Handbook_English.pdf
(last viewed May 24, 2016).

Petitioner's habeas corpus claim should be dismissed as unexhausted and procedurally barred.

**B.  Due Process Rights**

In the alternative, the merits of Petitioner's claims will be addressed.  *See* 28 U.S.C. § 2254(b)(2) (application for habeas corpus may be denied on the merits, notwithstanding failure to exhaust state court remedies).  In order to be granted a writ of habeas corpus, a petitioner must show that he is in custody in violation of the Constitution, laws or treaties of the United States.  In *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995), the U.S. Supreme Court described the limited instances in which a prison inmate can make out a claim that a liberty interest has been taken without due process.

> The time has come to return to the due process principles we believe were correctly established and applied in [*Wolff v. McDonnell*, 418 U.S. 539, 94 (1974)] and [*Meachum v. Fano*, 427 U.S. 215 (1976)].  Following *Wolff*, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause.  But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id*. (internal citations omitted).  The Supreme Court held in *Sandin* that confinement in disciplinary segregation for twenty-three hours and ten minutes per day "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Sandin*, 515 U.S. at 486.  The Court focused on the nature of the liberty

interest at issue, finding that conditions of disciplinary segregation did not differ significantly from conditions in administrative segregation and protective custody.  *Id.*

Petitioner in this case argues that his due process rights have been violated because TDCJ-CID does not have a policy of suspending good conduct time rather than forfeiting it.  Texas Government Code § 498.004(c) provides the following:

> The department shall establish a policy regarding the suspension of good conduct time under Subsection (a).  The policy must provide that:
>
> (1) the department will consider the severity of an inmate's offense or violation in determining whether to suspend all or part of the inmate's good conduct time instead of forfeiting the inmate's good conduct time; . . .
>
> (3)  at the conclusion of any period of suspension, the department may forfeit or reinstate the good conduct time placed in suspension based on the inmate's conduct during the period of suspension; and
>
> (4) in determining whether to forfeit or reinstate good conduct time placed in suspension, the department must consider whether any impact to public safety is likely to result from the inmate's release on parole or to mandatory supervision if the good conduct time is reinstated.

Petitioner argues that TDCJ-CID is in violation of the statute because it does not have a policy of suspension rather than forfeiture of good conduct time.

Petitioner's argument is without merit.  First, punishments for infractions include "Forfeiture or *suspension* of good conduct time credit."  *Texas Department of Criminal Justice, Disciplinary Rules and Procedures*[4] at pp. 20-21 (Feb. 2015)(emphasis added).  Thus, TDCJ-CID appears to have a policy of suspending good conduct time when circumstances warrant it.

---

[4]available at
http://tdcj.state.tx.us/documents/cid/Disciplinary_Rules_and_Procedures_for_Offenders_English.pdf (last viewed May 24, 2016).

In addition, even if TDCJ-CID did not have a policy for suspension of good conduct time, violations of state law alone do not provide grounds for habeas relief in federal court. Habeas relief is available only for violations of rights existing under federal law and not for violations of state law. *Manning v. Warden, Louisiana State Penitentiary*, 786 F.2d 710, 711 (5th Cir. 1986). *See also Nelson v. Estelle*, 642 F.2d 903, 906 (5th Cir. Unit A 1981)("Unquestionably, federal habeas corpus is available only for the vindication of rights existing under federal law; not rights existing solely under the rules of state procedure.") Accordingly, Petitioner fails to state a claim for habeas relief by alleging that TDCJ-CID is not following state law.

Finally, the record in this case shows that Petitioner did receive due process at the disciplinary hearing. Petitioner lost ten days of good time. In Texas, some inmates are entitled to early release under a mandatory supervision program in which a prisoner sentenced to the institutional division can serve the remainder of his term outside the prison, not on parole, but under the supervision and control of the pardons and paroles division. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997)(citing Tex. Code Crim. P. Ann. art. 42.18 § 2(2)). Prisoners earn good time credits which are added to their actual days served in prison to calculate their release date. Tex. Gov't Code Ann. §508.147 (Vernon 2012). The Fifth Circuit has determined that prisoners have a constitutional expectation of early release under the mandatory supervision program and therefore have a liberty interest with respect to their good time credit. *Teague v. Quarterman*, 482 F.3d 769, 777 (5th Cir. 2007).

Petitioner in this case is entitled to release to mandatory supervision (Commitment Inquiry, Ex. A to Mot. for Sum. Jmt., D.E. 8-2).  Therefore, good time credits can only be taken from him in a manner that comports with due process.  The Supreme Court described the process due a prisoner accused of a disciplinary infraction in *Wolff*, 418 U.S. at 564:  (1) He must receive written notice of the charges; (2) He must be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals and (3) There must be a written statement by the fact finder as to the evidence relied on and reasons for the decision.

Petitioner received written notice of the charges and the hearing officer made a written record noting the evidence he relied on in finding Petitioner guilty (DHR at 1; D.E. 7-1 at p. 4).  The record indicates that Petitioner wanted to call his cellmate to testify but the cellmate was not called because his testimony would not have been beneficial to Petitioner (DHR at 8; D.E. 7-1 at p. 11).  However, a written statement from the cellmate where he corroborated Petitioner's explanation was included in the hearing documents (DHR at 9; D.E. 7-1 at p. 12).

Petitioner was provided the process he was due under *Wolf*.  Even if he had exhausted his administrative remedies it would be recommended that his habeas corpus petition be denied and summary judgment entered for Respondent.

**C.  Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."

28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 4842 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

A slightly different standard applies when the claims are dismissed on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

In Petitioner's case, it is recommended that his cause of action be dismissed both procedurally and, in the alternative, on the merits. If the district court orders that Petitioner's cause of action be dismissed and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because reasonable jurists would not find it debatable that Petitioner's cause of action is unexhausted and procedurally barred and that he did not suffer the loss of a liberty interest following his disciplinary hearing.

## RECOMMENDATION

Based on the foregoing, it is recommended that Respondent's motion for summary judgment (D.E. 8) be GRANTED and Petitioner's cause of action for habeas corpus relief be DENIED. It is further recommended that any request for a Certificate of Appealability be DENIED.

Respectfully submitted this 25th day of May, 2016.

						_____
						B. JANICE ELLINGTON
						UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).